122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALPINA USA EYEWEAR, L.L.C., Plaintiff-Appellant,
v.
RELIANCE INSURANCE CO., Defendant-Appellee.
 No. 96-55388.
 United States Court of Appeals, Ninth Circuit.
 Aug. 27, 1997.
 
 1
 Appeal from the United States District Court for the Central District Court for the Central District of California, No. CV 95-03044-TJH BEFORE: CANBY AND THOMAS, CIRCUIT JUDGES AND KING** DISTRICT JUDGE
 
 
 2
 MEMORANDUM*
 
 
 3
 Alpina U.S.A. Eyewear appeals the district court's grant of summary judgment in favor of the Reliance Insurance Company. Alpina argues that Reliance had a duty to defend it in an unfair competition and patent infringement suit brought by a competitor, Oakley, Inc. (the "Oakley action"). Alpina argues that Reliance's duty to defend arose under the "advertising injury" provision of its insurance policy. We affirm the district court's grant of summary judgment in Reliance's favor.[1]
 
 
 4
 Because the parties are familiar with the facts of this case, we repeat them here only as necessary.
 
 ANALYSIS
 
 5
 Reliance had no duty to defend Alpina in the Oakley action because the allegations in Oakley's complaint did not, under California law,[2] potentially fall within the policy's coverage provisions. See Montrose Chem. Corp. v. Superior Court, 861 P.2d 1153, 1160 (Cal.1993) (indicating that an insured need only show that the underlying action possibly could have fallen within the policy's coverage).
 
 
 6
 First, Oakley's complaint, which alleged that Alpina engaged in unfair competition,[3] did not allege that Alpina engaged in one of the policy's listed "covered offenses." The policy lists "misappropriation of style of doing business," but not unfair competition, as a covered offense. Alpina argues that Oakley's unfair competition claim was effectively a trade dress claim, which some courts in some circumstances have construed to constitute a misappropriation of a style of doing business. See, e.g., St. Paul Fire & Marine Ins. Co. v. Advanced Interventional Sys., 824 F.Supp. 583, 585 (E.D.Va.1993) (indicating that a style of doing business provision could cover trade dress infringement) aff'd, 21 F.3d 424 (4th Cir.1994). We agree that Oakley's complaint could be construed to allege trade dress infringement, because it essentially contends that Alpina copied the appearance of Oakley's product. See, e.g., John H. Harland Co. v. Clarke Checks, Inc., 711 F.2d 966, 980 (11th Cir.1983) (indicating that a product's overall appearance is its trade dress). But any trade-dress infringement that Oakley alleged was not broad enough to amount to a misappropriation of a style of doing business; Oakley alleged only that Alpina copied one of its many sunglass styles. See, e.g., Advanced Interventional Systems, 824 F.Supp. at 585 (stating that the infringement of a single device does not "approach the showing of pervasive similarity in the overall manner of doing business that courts have previously recognized as necessary to successfully prove misappropriation of a 'style of doing business' ").
 
 
 7
 We recognize that in Lebas Fashion Imports of U.S.A. v. ITT Hartford Ins. Group, 59 Cal.Rptr.2d 36 (Ct.App.1996), the court held that the policy language "misappropriation of style of doing business" was ambiguous and reasonably could cover the trademark infringement claims that were made in that case. Lebas is different from the present situation, however, because there the underlying action involved allegations of much broader copying than Oakley alleged here:
 
 
 8
 [The underlying complaint] alleged that [the insured] was engaged in the manufacture, distribution and sale (on a worldwide basis) of high fashion perfumes and cosmetic products under [the plaintiff's] trade name and trademarks. It was also alleged that ... [the insured] had adopted and commenced to use [the plaintiff's trademark] on its clothing products, including men's suits....
 
 
 9
 Id. at 38. Oakley alleged only that Alpina copied the appearance of one product.
 
 
 10
 Second, and more important, the complaint[4] did not assert that Oakley's alleged harm, consumer confusion as to the product's source, arose out of or occurred in the course of Alpina's advertising activities. Again, Alpina refers us to Lebas, where the court assumed that the insured's "alleged trademark infringement occurred in the course of its advertising activities and that the required nexus existed" between the plaintiff's harm and the insured's advertising. Id. at 41. But in Lebas, unlike the present case, the underlying complaint actually alleged that some advertising had taken place. See id. at 38 (indicating that the underlying complaint alleged, in part, that the insured had "adopted and commenced to use [the plaintiff's trademark] on its clothing products, including men's suits, and to advertise those clothing products under [the plaintiff's trademarks] ") (emphasis added). There thus were allegations of some advertising which the court could 'assume' had the requisite nexus with the plaintiff's harm. See Bank of the West v. Superior Court, 833 P.2d 545, 560 (Cal.1992) (stating that "advertising injury must have a causal connection with the insured's advertising activities before there can be coverage") (internal quotations omitted).
 
 
 11
 Alpina's argument essentially is that any time a complaint alleges consumer confusion, there inherently must have been advertising involved, at least by the appearance of the product itself. Alpina argues that it must have communicated to the consumers, and that any communication to consumers is advertising. This line of reasoning presumes too broad a definition of "advertising" under California law, and is inconsistent with our prior holdings. For example, in Microtech Research, Inc. v. Nationwide Mutual Ins. Co., 40 F.3d 968 (9th Cir.1994), we applied California law and held that claims that arose from an insured's alleged passing off of a copied product, which caused consumers to be misled as to the product's source, see id at 970-71, did not fall within the coverage of an advertising injuries provision. We focused on the fact that the underlying complaint, which unlike the present case actually did mention advertising, did not allege that the harm was caused by advertising:
 
 
 12
 [The complaint] uses some words, such as "marketing,". and "representing," which seem, if taken in isolation, to suggest a claim for advertising injury. But read in context, they do not. [The plaintiff] did not aver that [the insured] had said anything negative about [the plaintiff]. It does not allege that [the insured] used stolen [products] in its ads.... The harm ... is allegedly caused by the misappropriation of [the product], not by the advertising itself.
 
 
 13
 Id. at 971; see also Simply Fresh Fruit, Inc. v. Continental Ins. Co., 94 F.3d 1219, 1223 (9th Cir.), cert. denied, 117 S.Ct. 388 (1996) (indicating that "the advertising activities must cause the injury--not merely expose it"). Here, Oakley's complaint does not indicate that any advertising occurred, only that Alpina copied its products and that the copying caused consumer confusion. Consumers could have been confused even if Alpina never advertised its sunglasses at all, just from seeing them in the store or on the street. The complaint did not allege that Oakley had been harmed by Alpina's advertising activities, and thus the Oakley action was beyond the scope of the policy's coverage.
 
 The judgment of the district court is
 
 14
 AFFIRMED.
 
 
 
 **
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We review de novo a district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996)
 
 
 [2]
 The parties agree that California law applies to this dispute, except to the extent that it differs from Colorado law, in which case Colorado law will apply. See, e.q.. Waggoner v. Snow, Becker, Kroll, Klaris & Krauss, 991 F.2d 1501, 1506 (9th Cir.1993) (indicating that a federal court sitting in California should apply California law unless there is a conflict between the pertinent laws of the interested states)
 
 
 [3]
 Alpina agrees that Oakley's first five claims for relief, the patent infringement claims, are not be covered by the policy. The only issue thus is whether the unfair competition claim is covered. If that claim potentially could fall within the advertising injuries provision, Reliance would have had a duty to defend the whole action. See Gray v. Zurich Ins. Co., 419 P.2d 168, 176 (Cal.1966)
 
 
 [4]
 The parties agree that we should apply Colorado law on this point and limit our inquiry to the complaint in the underlying action, without considering extraneous facts. See Hecla Mining Co. v. New Hampshire Ins. Co., 811 P.2d 1083, 1089 & 1090 n. 10 (Colo.1991)